## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

_____

|  |  |
|---|---|
| **CET GROUP USA, INC.,** ) | |
| **Plaintiff** ) | |
| **v.** ) | |
| ) | **C.A. No.** |
| **KEVIN K. MCALEENAN, Acting Secretary, U.S. Department** ) | |
| **of Homeland Security; U.S.  DEPARTMENT OF** ) | |
| **HOMELAND SECURITY; U.S.  CITIZENSHIP AND** ) | |
| **IMMIGRATION SERVICES, and GREGORY A.** ) | |
| **RICHARDSON, Director, USCIS Texas Service Center.** ) | |
| **Defendants.** ) | |

_____)

### PLANTIFFS' ORIGINAL COMPLAINT FOR DECLARATORY JUDGMENT AND INJUNCTIVE RELIEF AND REVIEW OF AGENCY ACTION UNDER THE ADMINISTRATIVE PROCEDURE ACT

This action is brought by the Plaintiff, **CET Group USA, Inc.,** against the Defendants to seek review of a June 12, 2019 decision of the U.S. Citizenship and Immigration Services improperly denying the Plaintiff's Form I-129 visa petition to classify its intended beneficiary as a L-1A nonimmigrant worker under Section 101(a)(15)(L) of the Immigration and Nationality Act. The Plaintiff seeks a declaratory judgment declaring the decision of the Defendants dated June 12, 2019 to deny the Plaintiff's L-1A visa petition for Ms. Siqi Li unlawful, reversing the June 12, 2019 decision to deny the Plaintiff's petition to obtain L-1A visa status for Ms. Li, ordering the Defendants to approve Siqi Li's L-1A status with an effective date on the date of approval through March 31, 2022, ordering the Defendants to issue a decision approving the Plaintiff's L-1A petition on behalf of Siqi Li, and striking the Defendants June 12, 2019 decision as unlawful and in violation of the Immigration and Nationality Act and associated regulations and the Administrative Procedure Act. The Plaintiff also seeks injunctive relief against the Defendants to prevent them from taking further action on Siqi Li's case other than issuing the

corrected decision requested herein. The Plaintiff seeks action on this petition on an emergency basis due to circumstances set forth in this complaint.

## PARTIES

1.       The Plaintiff, **CET Group USA, Inc. (hereinafter "CET Group")**, is a Massachusetts corporation engaged in the business of marketing and selling copier and printer parts and consumables manufactured by its parent company in China with a principal place of business at 425 Paramount Drive, Raynham, Massachusetts. CET Group is a wholly owned subsidiary of CET Group Co., Ltd. of Beijing, China.

2.       The Defendant, **Kevin K. McAleenan**, is being sued in his official capacity as the Acting Secretary of the Department of Homeland Security.  In this capacity, he is charged with the administration and enforcement of the immigration laws, pursuant to 8 U.S.C., §1103, and he possesses extensive discretionary powers to grant certain relief to non-U.S. Citizens. More specifically, the Acting Secretary of the Department of Homeland Security is responsible for enforcing the Immigration and Nationality Act (INA) and for approving applications for nonimmigrant visa petitions and providing foreign nationals with evidence of their legal status in the United States. The U.S. Citizenship and Immigration Services is an agency within the Department of Homeland Security to whom the Secretary's authority has in part been delegated, and is subject to the Secretary's supervision.

3.       The Defendants, **Department of Homeland Security (hereinafter "DHS") and the U.S. Citizenship and Immigration Services (hereinafter "USCIS")** are the agencies responsible for enforcing the INA and for adjudicating and approving applications for nonimmigrant visa petitions and providing foreign nationals with evidence of their legal status in the United States.

4.      The Defendant, **U.S. Citizenship and Immigration Servic**es**,** includes the **Texas Service Center.** The Defendant, **Gregory A. Richardson**, is sued in his official capacity as the Director of the Texas Service Center which is the place where the Plaintiff's immigration file may currently be located and which made the decision at issue in this case. The Texas Service Center is located at 4141 North St. Augustine Road, Dallas, Texas.

## JURISDICTION

5.      Jurisdiction in this case is proper under the Immigration and Nationality Act (INA), 8 U.S.C. § 1101 *et seq*.; 28 U.S.C. §§ 1331 and 1361; the Administrative Procedures Act (APA), 5 U.S.C. § 701 *et seq*.; and 28 U.S.C. § 2201 *et seq.*  Relief is requested pursuant to said statutes. There is an actual and justiciable controversy between the parties and the Plaintiff seeks declaratory and injunctive relief in this action.

## VENUE

6.      Venue is proper in this court pursuant to 28 U.S.C. § 1391(e), in that this is an action against officers and agencies of the United States in their official capacities, brought in the District where the Defendants conduct business and where a substantial part of the events or omissions giving rise to the Plaintiff's claims occurred.  More specifically, the Plaintiff is a Massachusetts corporation with its principal place of business in Raynham, Massachusetts, and the Plaintiff sought to employ the beneficiary of its visa petition in Massachusetts. The Plaintiff's visa petition that is in dispute was decided by the USCIS Texas Service Center which has jurisdiction over non-immigrant visa petitions seeking L-1A visa status filed by Massachusetts employers.

## EXHAUSTION OF REMEDIES

7.     The June 12, 2019 decision by the Defendant USCIS to deny the Plaintiff's L-1A visa

petition for its intended beneficiary, Siqi Li, constitutes a final agency action under the APA, 5

U.S.C. § 701 *et seq*. Neither the INA nor DHS regulations at 8 C.F.R. § 103.3(a) require an

administrative appeal of the denial. Accordingly, the Plaintiff has no administrative remedies to

exhaust. Moreover, exhaustion of any available administrative remedies will be meaningless and

ineffective given the issues in this case and this lawsuit is the Plaintiff's only legal means to

rectify the situation. The Plaintiff has no other viable remedy or legal

avenue to pursue in connection with this issue other than this action.

## FACTUAL AND LEGAL ALLEGATIONS

8.     The Plaintiff, CET Group, was organized as a Massachusetts corporation in 2006 to

market and sell all lines of copier and printer parts and consumables manufactured by its foreign

parent company, CET Group Co., Ltd., in North America. CET Group Co., Ltd. has its

headquarters in Beijing, China. CET Group Co., Ltd. manufactures and assembles more than

2000 products in its production facility complex in Tangshan, China and markets and sells its

products in over 70 countries and regions around the world.  The company employs 575

employees outside the United States and owns 14 subsidiary companies worldwide. The

Plaintiff, CET Group, is a wholly owned subsidiary of CET Group Co., Ltd.

9.     The Plaintiff's business in Raynham, Massachusetts consists of 55,000 square feet of

office space, workshop and warehouse. At the time CET Group filed the visa petition at issue in

this case it had 25 employees and gross revenues in excess of $15 Million. Due to the growing

need for experienced manages to work in the United States, CET Group sought to petition for an

Operation Manager to enter the United States and manage a variety of projects for the company.

10.     The intended beneficiary of the Plaintiff's L-1A petition, Siqi Li, is a 26 year old native and citizen of China. After receiving some education in China, Ms. Li came to the United States and obtained her Bachelor of Science Degree in Accounting in 2014 and her Master of Accounting Degree in 2015, both from Arizona State University. Subsequent to obtaining her degrees in the United States she returned to China. Ms. Li commenced working for CET Group Co., Ltd. in February, 2017 as a Manager in its Operation Department. In January, 2018 Ms. Li was promoted to the positon of Senior Manager in the same Department. Payroll records from CET Group Co., Ltd. confirm that Ms. Li has worked for the company continuously since she started working there in February, 2017 and that she received a corresponding pay raise for her promotion. In her role as Senior Manager at CET Group Co., Ltd. in China Ms. Li manages 19 employees. Several of the more senior employees under her control have Masters Degrees. Ms. Li's duties include the following: managing the entire Operation Department by setting goals and tasks for the department employees; hiring and firing employees under level 6 in her department; supervising and controlling the work of subordinate supervisory and managerial employees; assigning, directing, reviewing, approving or redirecting employees daily and weekly work assignments; approving or rejecting employees' personal requests; rating and signing off on monthly or quarterly Employee Performance Evaluations; making determinations and/or recommendations on employee promotions, demotions, employment contract renewals, and monthly or quarterly compensation and bonuses; and exercising wide discretion in making decisions on daily operations in the Operation Department. Ms. Li spends 100% of her time performing managerial duties and does not engage in the hands on performance of day-to-day operations in her Department.

11.     At all times prior to the agency action that precipitated this litigation, Siqi Li was working in China at her job as Senior Manager for CET Group Co., Ltd. Based on the need for her managerial skills at the Plaintiff's business in the United States, the Chinese and U.S. companies agreed that Ms. Li's services could be transferred from China to the United States so she could use her managerial skills to assist the U.S. company with its operations. Because the Plaintiff is a wholly owned subsidiary of CET Group Co., Ltd. and because Ms. Li has worked for the foreign corporation as a Manager for more than one year prior to when the Plaintiff petitioned for her visa, she qualified for an L-1A visa. Ms. Li is an essential component in the Plaintiff's business plan for its U.S. operation. Hiring her to work as a manager at the Plaintiff's place of business was a critical decision for both the foreign and U.S. companies. As a result of Ms. Li's current ineligibility to enter the United States with an L-1A visa, the Plaintiff's business is short-handed and its plan to have her manage a critical component of its business is on hold. As a result of the Defendants' actions, the Plaintiff has suffered considerable financial loss and disruptions to its projects and its business plan for the foreseeable future.

**The L-1A Visa Category and the Petitioning Process**

13.     The L-1 visa provides for the intracompany transfer of employees of foreign entities to the U.S. parent, affiliate, and/or subsidiary companies. This particular visa permits key employees of companies to contribute their executive, management, or specialized knowledge skills to the U.S. companies and helps companies ensure that their international operations are aligned in objectives and processes. The beneficiary of an L-1 visa, also known as an "intra-company transferee," is defined as, "an alien who, within 3 years preceding the time of his application for admission into the United States, has been employed continuously for one year by a firm or corporation or other legal entity or an affiliate or subsidiary thereof and who seeks to

enter the United States temporarily in order to continue to render his services to the same employer or a subsidiary or affiliate thereof in a capacity that is managerial, executive, or involves specialized knowledge….” *INA § 101(a)(15)(L)*. Employees who perform managerial or executive functions can apply for an L-1A visa which has a maximum validity period of seven (7) years with the initial approval period being three (3) years subject to two (2) possible 2-year extensions. Employees with specialized knowledge can apply for an L-1B visa which has a maximum validity period of five (5) years. The terms “managerial capacity” “executive capacity” and “specialized knowledge” are defined by statute and regulation. *INA § 101(a)(44) and 8 C.F.R. §214.2(l)(1)(ii)*. The term “managerial capacity” means an assignment within an organization in which the employee primarily – (i) manages the organization, or a department, subdivision, function, or components of the organization; (ii) supervises and controls the work of other supervisory, professional or managerial employees, or manages an essential function within the organization, or a department or subdivision of the organization; (iii) if another employee or other employees are directly supervised, has the authority to hire and fire or recommend those as well as other personnel actions (such as promotion and leave authorization) or, if no other employee is directly supervised, functions at a senior level within the organizational hierarchy or with respect to the function managed; and (iv) exercises discretion over the day-to-day operations of the activity or function for which the employee has authority. A first line supervisory is not considered to be acting in a managerial capacity merely by virtue of the supervisor’s supervisory duties unless the employees supervised are professionals. *INA § 101(a)(44)(A) and 8 C.F.R. §214.2(l)(1)(ii)(B)*.

14.     The L-1A visa petition involves two major components which a petitioning company must prove by filing a petition with the USCIS. The petitioning employer must prove it has a legal affiliation with a foreign corporation; either a parent or subsidiary, branch or affiliate based on ownership and control; and that the intended beneficiary worked for the foreign corporation for at least one year within the 3 years prior to submission of the petition. The petitioner must also prove the intended beneficiary has worked for the foreign company in an managerial or executive capacity and that the beneficiary seeks to enter the United States to work in a similar capacity.

15.     L-1A petitions are adjudicated by the Defendant, USCIS. To secure an approval of its L-1A petition, the U.S. employer must submit a petition and prove by the preponderance of evidence that the job offered to the foreign national is one that meets the definition of the intracompany transferee. Provided the components of the visa are met with the appropriate evidence, the USCIS should approve the petition. Upon approval of the petition a foreign national who is outside the United States must then apply for the L-1A visa at a U.S. Consulate prior to entering this country to commence work.

**The Plaintiff's L-1A Visa Petition for Siqi Li**

16.     On March 26, 2019, the Plaintiff filed a visa petition for Siqi Li in order to obtain approval of the petition in the L-1A visa category based on its desire to hire Ms. Li in a managerial capacity with the job title of Operation Manager and annual salary of $80,000.00. In addition to the required forms, the Plaintiff's L-1A petition included evidence that the Plaintiff is a wholly owned subsidiary of CET Group Co., Ltd., that the intended beneficiary of the petition, Siqi Li, has worked for CET Group Co., Ltd. since February, 2017, that her work for CET Group Co., Ltd. is in a managerial capacity, and that the Plaintiff sought to hire Ms. Li in a managerial

capacity at its U.S. office in Raynham, Massachusetts. The petition included considerable documentation including a letter from the Plaintiff that described in detail the specific job duties performed by Ms. Li at her job in China and those she would be performing in the United States. The forms required for the L-1A visa petition are Forms I-129 and L Classification Supplement to Form I-129 which discloses information about the relationship between the foreign and U.S. companies, the beneficiary's qualifications for the position, the beneficiary's work for the foreign corporation, and the beneficiary's work for the U.S. petitioner. (A copy of the L Classification Supplement to Form I-129 is attached hereto as Exhibit A).

17.     By notice dated April 2, 2019, the Defendant, USCIS issued a Request for Evidence ("RFE") in which it alleged that the Plaintiff had failed to show that the intended beneficiary of its petition qualified for the L-1A visa. Specifically, the RFE alleged that the Plaintiff failed to provide evidence that: (1) the Plaintiff is a wholly owned subsidiary of CET Group Co., Ltd.; (2) the foreign and U.S. companies are engaged in the "regular, systemic, and continuous provisions of goods and/or services;" (3) the beneficiary's duties and responsibilities for the Chinese employer were primarily managerial; and (4) the beneficiary's proposed duties for the Plaintiff as an Operation Manager will be primarily managerial. Essentially, the USCIS issued a sweeping RFE which alleged that the Plaintiff failed to provide any evidence to show it had met even one of the required elements for the L-1A visa. (A copy of the RFE is attached hereto as Exhibit B).

18.     On June 3, 2019, the Plaintiff filed a timely response to the RFE. In its response, the Plaintiff submitted evidence addressing each concern set forth in the RFE issued by the Defendant USCIS. The Plaintiff's submission is outlined in a Brief and Index which discuss and list the documents filed in response to the RFE. (Copies of the Plaintiff's Brief in Support of Petition for Nonimmigrant Worker and Index of Additional Documentary Evidence are attached

hereto as Exhibit C). As set forth in the Plaintiff's Brief some of the documents were submitted with its petition and other evidence submitted with the petition appeared to be ignored by the USCIS. The evidence submitted by the Plaintiff with its visa petition and its response to the RFE confirmed beyond a preponderance that the intended beneficiary of the petition qualified for the L-1A visa and that the petition should be approved.

19.     On June 12, 2019, the Defendant, USCIS, denied the Plaintiff's L-1A visa petition based solely on a determination that the Plaintiff failed to establish that the intended beneficiary of its petition, Siqi Li, has been employed abroad in a position that was managerial. The USCIS did accept the Plaintiff's evidence regarding all other aspects of the L-1A visa requirements. Therefore, the single determination that Ms. Li's work for CET Group Co., Ltd. is not managerial caused the USCIS to deny the petition. That determination was erroneous and as a result of the Defendant's decision, the Plaintiff has now been deprived of Ms. Li's services in the United States on a long-term basis. (A copy of the June 12, 2019 decision is attached hereto as Exhibit D).

20.     The evidence submitted by the Plaintiff with its visa petition and its response to the RFE confirmed beyond a preponderance that Siqi Li's work for CET Group Co., Ltd. in China as a Senior Manager was in a managerial capacity. Specifically, the Plaintiff's response to the RFE included considerable evidence that demonstrated: the specific duties Ms. Li performs on a daily basis as a Senior Operation Manager; that she has a bachelor's and a master's degree in accounting; that there are 19 employees in her Department; that she manages the entire department; that she supervises and controls the work of the employees in her department and that she reviewed and made personnel decisions regarding specific employees evaluations; that 100% of her duties are managerial; that she has authority to hire and fire employees; that she has

wide discretion over daily decisions made in the Operation Department that she manages; that many of the employees in her department have advanced degrees and perform professional services for CET Group Co., Ltd.;  that she is in charge of financial matters for 3 other subsidiary companies owned by CET Group Co., Ltd. and makes personnel decisions for employees at those entities; and that her work abroad is similar to the work she was petitioned for to perform at the Plaintiff's offices upon her entry to this country. (Documents filed in response to the RFE directly related to the issue of the intended beneficiary's work in a managerial capacity are attached hereto as Exhibit E).

20.     The decision to deny Plaintiff's petition is predicated on multiple misapplications of the law and the facts by the Defendant, USCIS, and evidences a clear disregard for its adjudicative responsibilities, which, at the most basic level, include the requirement to properly review and consider the record, and to apply the correct legal standard in the adjudicative process. Specifically, in this case, the Defendant, USCIS, determined that although the Plaintiff provided more than adequate evidence to support all required elements of the L-1A managerial position, the one thing it failed to prove was that the intended beneficiary's work for her foreign employer was not managerial. This determination was both arbitrary and capricious and not based on the evidence provided. In fact, the Plaintiff's evidence proved well beyond a preponderance that the intended beneficiary's work for her foreign employer was managerial. As such, the Defendant's, USCIS actions were unlawful and in violation of the APA § 706.

21.     Since the denial of the Plaintiff's L-1A visa petition, Ms. Li has not be permitted to enter and work in the United States. Similarly, due to the erroneous denial of the L-1A petition, the Plaintiff is now deprived of Ms. Li's services and has been forced to seek temporary replacements and to reallocate assignments within its Operation Department where Ms. Li's

work as a Manager is critical. As a result of the Defendants' actions, the Plaintiff has suffered

considerable financial loss and disruptions to its business.

## <u>COUNT ONE</u>

**Violation of the Administrative Procedure Act 5 U.S.C. § 701, et seq.**

22.     The Plaintiff repeats and re-alleges the allegations in paragraphs 1-21 above and

incorporates them herein by reference.

23.     The Defendants improper denial of the Plaintiff's L-1A petition is an agency action and is

reviewable under the Administrative Procedure Act.

24.     A reviewing court shall "hold unlawful and set aside agency action . . . found to be—

arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. §

706(2)(A). The Defendant, USCIS erroneously denied the Plaintiff's L-1A visa petition on the

ground that the evidence in the record was insufficient to establish that the intended beneficiary

of the petition has not worked in a managerial capacity for her foreign employer.

25.     The Defendant, USCIS failed to properly consider and interpret all evidence, misread the

voluminous documentation in the Plaintiff's response to the RFE and erroneously concluded that

the Plaintiff's petition was not supported by the evidence. In so doing, the Defendant violated its

duty to properly adjudicate the Plaintiff's L-1A visa petition.

26.     The Defendant, USCIS denial of the Plaintiff's visa petition is arbitrary and capricious.

Under 5 U.S.C. §§ 702 and 704, the Plaintiff has suffered a "legal wrong" and has been

"adversely affected or aggrieved" by agency action for which there is no adequate remedy at law.

27.     The damage to the Plaintiff is irreparable. This lawsuit presents the only viable solution

to the Plaintiff's problem.  The Plaintiff seeks preliminary injunctive relief to prevent further

action by the Defendants on this case until such time as the court can rule on the merits of the Plaintiff's claim.

28.     As a direct result of the Defendant's, USCIS decision the Plaintiff has lost the benefit of Siqi Li's services. To the extent relief as requested in this Complaint is not granted the harm to the Plaintiff is irreparable. The Plaintiff is entitled to a declaratory judgment approving its petition for Siqi Li effective immediately and valid through March 31, 2022. The Plaintiff requires this approval immediately so that Siqi Li can apply for her visa at the U.S. Consulate in Beijing, China then enter the United States to commence work for the Plaintiff.

29.     The Defendants, in violation of the Administrative Procedures Act, 5 U.S.C. § 701 et seq., have unlawfully and unreasonably denied the Plaintiff's petition. The Defendants have failed to properly carry out the adjudicative functions delegated to them by law with regard to the Plaintiff's case. The Plaintiff is entitled to evidence of Siqi Li's valid L-1A status and now seeks a Court order requiring the Defendants to provide such evidence. The Plaintiff also requests a declaratory judgment confirming that its petition was improperly denied and further seeks preliminary injunctive relief to prevent the Defendants from taking any adverse action on this case inconsistent with the approval of the Plaintiff's petition for the period requested.

## PRAYERS FOR RELIEF

WHEREFORE the Plaintiff respectfully prays that this honorable Court enter an order:

(a)     accepting jurisdiction over this matter;

(b)     temporarily restraining and enjoining the Defendants from taking any action against the Plaintiff inconsistent with approval of the Plaintiff's petition to approve Siqi Li's L-1A status effective immediately through March 31, 2022 and to permanently restrain and enjoin the Defendants from revoking or otherwise denying Siqi Li her nonimmigrant status as requested;

(c)   declaring that the Defendants denial of CET Group USA, Inc.'s L-1A visa petition for Siqi Li was arbitrary, capricious, and unlawful and ordering the Defendants to correct the determination by issuing an approval of Siqi Li's L-1A status effective immediately through March 31, 2022;

(d)   requiring Defendants to provide the Plaintiff with evidence of Siqi Li's L-1A nonimmigrant status by producing the required approval notice and further requiring the Defendants to forward notice of the approval to the U.S. Consulate in Beijing, China so that Siqi Li can seek her L-1A visa and enter the United States to commence work for the Plaintiff;

(e)   award the Plaintiff all costs and reasonable attorney's fees associated with this matter; and

(f)   granting such other relief at law and in equity as justice may require.


**Respectfully submitted,**

**CET Group USA, Inc.**
**By its attorneys,**


**/s/ Anthony Drago, Esq.**
**Anthony Drago, Esq. (BBO #552437)**
**Anthony Drago, Jr., P.C.**
**35 India Street**
**Boston, MA 02110**
**(617) 357-0400**
**Anthony@adragopc.com**



**/s/ Sara Yang, Esq.**
**Sara Yang, Esq. (BBO# 600874)**
**Yang & Sacchetti, P.C.**
**65 Harrison Ave, Suite 513**
**Boston, MA 02111**
**(617) 542 4066**
**Yangandsacchetti@aol.com**