**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

```
_____
                                    )
CET GROUP USA, INC.,                )
                                    )
            Plaintiff,              )
                                    )      Civil Action
      v.                            )      No. 19-11665-PBS
                                    )
                                    )
KEVIN K. MCALEENAN, Acting          )
Secretary, U.S. Department          )
of Homeland Security;               )
U.S. DEPARTMENT OF HOMELAND         )
SECURITY; U.S. CITIZENSHIP AND      )
IMMIGRATION SERVICES, and           )
GREGORY A. RICHARDSON, Director,    )
USCIS Texas Service Center,         )
                                    )
            Defendants.             )
_____)
```

**MEMORANDUM & ORDER**

May 5, 2020

Saris, D.J.

**INTRODUCTION**

This case arises from a denial by the United States Citizenship and Immigration Services ("USCIS") of Plaintiff CET Group USA, Inc.'s ("CET Group") petition for a nonimmigrant worker visa. Plaintiff argues the decision was a violation of the Administrative Procedure Act ("APA") because Plaintiff provided sufficient evidence to establish that its employee was eligible as a "manager."

1

After hearing, the Court **ALLOWS** Defendants' motion for summary judgment (Docket No. 20).

## FACTUAL BACKGROUND

### I. Petition

The following facts are taken from the administrative record (Docket No. 24).

On March 21, 2019, Plaintiff filed a "Petition for a Nonimmigrant Worker" for an L-1 visa under 8 U.S.C. § 1101(a)(15)(L) on behalf of its employee, Ms. Siqi Li, a 26-year-old Chinese national.

Plaintiff attached an employer support letter which was signed by Athena Li, General Manager of CET Group USA. The letter stated CET Group USA sought to transfer Ms. Li, a Senior Operations Manager of CET China, to the position of Operations Manager with CET Group USA. The letter described CET Group as an industry-leading manufacturer of copier and laser printer parts, with 575 employees worldwide, 14 subsidiaries, and 50% of the industry's market share. CET Group is further described as operating manufacturing complexes in China, and branches in the United States, Asia and Europe.

The letter lists Ms. Li's primary duties and responsibilities with CET China as Senior Operation Manager as follows, in relevant part:

> Supervise and direct the Administrative Manager of the Department for day to day operational matters such as employee evaluation, job assignment for short or long term tasks, review and approval the department work products and budgets, and employee personal request. She has authority to promote, hire and fire employees under level 6.

Dkt. No. 24 at 198-99. To show Ms. Li's managerial role, Plaintiff included a "Payment Approval Form," an "Expense Reimbursement Approval Form," an email approving a "Balance Scorecard evaluation form," and a "2019 Salary Review" chart. The salary review chart included several names with corresponding levels of 40, 50, or 60 and base salary amounts.

## II. USCIS' Request for Evidence

On April 2, 2019, USCIS requested additional evidence to prove CET Group USA is wholly owned by CET Group, and that both CET China and CET Group USA are regularly conducting business. In addition, USCIS requested evidence to show Ms. Li's eligibility for the L-1 visa:

> The beneficiary's duties are overly vague as they do not effectively convey her day-to-day managerial duties. Evidence of the beneficiary's education was not submitted. The organizational chart you submitted does not list a Senior Operation Manager. Additionally, a description of the duties for the beneficiary's team was not provided. Further, you stated that the beneficiary has the authority to hire and fire employees under level 6. However, evidence that the beneficiary has these authorities was not submitted. Therefore, additional evidence is needed to establish that the beneficiary's foreign position is primarily managerial.

Dkt. No. 24 at 19. USCIS then listed types of evidence that may be used to prove that Ms. Li's position at CET China was primarily managerial, including a more detailed letter that identifies the managerial duties and explains how the beneficiary supervised the work of executives, professionals or managers. USCIS requested similar evidence to prove the same for Ms. Li's expected position at CET Group USA.

### III. Plaintiff's Response to the Request for Evidence

Plaintiff responded with additional documents summarized in an index, in relevant part, as follows:

> 4. Beneficiary's foreign position primarily managerial:
>
>> 4-1 a letter from the foreign entity
>> 4-2 CET Group's organizational chart
>> 4-3 Beneficiary's Department chart, Beneficiary subordinates' duties and other information
>> 4-4 beneficiary's payroll summary
>> 4-6 beneficiary's Bachelor and Master degree diploma
>> 4-7 employee's application approved by the beneficiary

Dkt. No. 24 at 26.

The letter from CET China stated Ms. Li was employed in a managerial capacity and listed her title and educational qualifications. The letter stated, "[a]s a Senior Manager, Ms. Li has authority to hire and fire employees under level 6. There is no documentary evidence available for such authority since our HR department takes action on behalf of all departments with informal communications between us." Id. at 125.

4

CET China's organizational chart showed Ms. Li as the manager of 19 employees. A chart of the Operations Department shows Ms. Li as the manager of various named department managers. The following pages describe the job duties of these managers, including that the General Managers prepare annual budgets, cash flow control reports, and large capital investments. CET Group also included Ms. Li's pay slip chart with pay periods and corresponding amounts, and copies of two degrees from Arizona State University in the name of Siqi Li. Finally, CET Group produced a "Probation Pass Application Form," addressed to Lina Zhao and signed by Siqi Li in the "Manager Opinion" section.

**IV.   USCIS' Denial of the L-1 Petition**

On June 12, 2019, USCIS denied the petition on the basis that CET Group failed to produce sufficient evidence that Ms. Li was employed abroad in a position that was primarily managerial. USCIS summarized the petitioner's evidence as an organizational chart and a "'Probation Pass Application Form' indicating the beneficiary agreed that an employee passed the probation period." Dkt. No. 24 at 6. USCIS then concluded:

> However, you did not provide evidence that demonstrates the beneficiary has sufficient managerial authority over her subordinate employees. You did not submit evidence that the beneficiary has the authorities to hire and fire employees or recommend these personnel actions as specifically required by the regulations.

5

Id. at 7.

## STATUTORY FRAMEWORK: THE L-1 VISA

### I. The L-1 Visa for Intracompany Transfers

The Immigration and Nationality Act authorizes United States companies to apply for L-1 temporary visas for employees transferred from its affiliates or subsidiaries abroad. An employee may qualify for an L-1 visa when the employee is:

> [A]n alien who, within 3 years preceding the time of his application for admission into the United States, has been employed continuously for one year by a firm or corporation or other legal entity or an affiliate or subsidiary thereof and who seeks to enter the United States temporarily in order to continue to render his services to the same employer or a subsidiary or affiliate thereof in a capacity that is managerial, executive, or involves specialized knowledge

8 U.S.C. § 1101(a)(15)(L). Among other evidentiary requirements, a petitioner must show the beneficiary was employed abroad in a position that was managerial, executive, or involved specialized knowledge. 8 C.F.R. § 214.2(l)(3). Only the first is at issue here. By regulation, a position is primarily "managerial" when the employee, among other requirements:

> Has the authority to hire and fire or recommend those as well as other personnel actions (such as promotion and leave authorization) if another employee or other employees are directly supervised; if no other employee is directly supervised, functions at a senior level within the organizational hierarchy or with respect to the function managed[.]

8 C.F.R. § 214.2(l)(1)(ii)(B).

6

**II.  Burden of Proof for an L-1 Visa**

The petitioner bears the burden of proof in showing its eligibility for an L-1 visa. 8 U.S.C. § 1361. A petitioner must prove the statutory requirements of an immigration benefit by a preponderance of the evidence. Wen Yuan Chan v. Lynch, 843 F.3d 539, 545 (1st Cir. 2016); Patel v. Johnson, 2 F. Supp. 3d 108, 114 (D. Mass. 2014) (applying preponderance of the evidence standard to an employment-based petition).

**Standard of Review under the Administrative Procedure Act**

The Administrative Procedure Act provides for judicial review of agency actions and a remedy if the action was "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A). Review of a USCIS decision under this standard is "narrow" and "highly deferential." River Street Donuts, L.L.C. v. Napolitano, 558 F.3d 111, 114 (1st Cir. 2009). A reviewing court will uphold an agency decision if it is supported by "rational basis," even if the court disagrees with the agency's conclusion. Id.

Judicial review is limited to the administrative record. Olamide Olorunniyo Ore v. Clinton, 675 F. Supp. 2d 217, 224 (D. Mass. 2009).

## DISCUSSION

The sole issue for the Court is whether USCIS acted arbitrarily or capriciously when it determined that Ms. Li's position in China was not primarily managerial.[1]

One basis for the denial of the petition is that the petitioner did not show Ms. Li "[h]as the authority to hire and fire or recommend those as well as other personnel actions (such as promotion and leave authorization) if another employee or other employees are directly supervised," as required by regulation. 8 C.F.R. § 214.2(l)(1)(ii)(B). USCIS concluded that the organization chart, CET Group's letter, and the "Probation Pass Application Form" did not establish this authority.

CET Group stated in its letter that Ms. Li had the authority to hire and fire employees below "Level 6." The petitioner never defines "Level 6." The only corroborating evidence CET Group provided to show hiring and firing authority was a Probation Pass Application Form, which appears to be an approval of an employee's employment after the employee's

---

[1] Plaintiff also argues that the denial was a pretext for discrimination against L-1 visa applicants. Dkt. No. 23 at 12. Plaintiff cites statistics including that "the overall approval rate for L-1 visas has dropped by more than 10%." Id. However, these statistics do not suffice to make a showing of bad faith or improper behavior necessary to fall within the narrow exception to the general rule against inquiring into the mental processes of administrative decisionmakers. See Dep't of Commerce v. New York, 139 S. Ct. 2551, 2573-74 (2019).

probationary period. However, there is no evidence that this form applied to a "Level 6" employee or that Ms. Li "directly supervised" the employee. CET Group explained why there was no further documentation that Ms. Li has the authority to hire and fire employees under "Level 6," stating that "[t]here is no documentary evidence available for such authority since our HR department takes action on behalf of all departments with informal communications between us." Dkt. No. 24 at 125.

USCIS did not act arbitrarily in determining CET Group failed to meet its burden of proof. An agency may require documentary evidence to support testimony particularly where the kind of evidence sought is ordinarily available. See McKenzie-Francisco v. Holder, 662 F.3d 584, 587 (1st Cir. 2011) (affirming where the record "lack[ed] the type of memorabilia that marriages typically produce"). It is reasonable to conclude that a company of CET Group's size would possess documentary evidence that Ms. Li has recommended hiring or firing employees she supervised. Even if a factfinder could come to another conclusion, the evidence is not "so compelling that the factfinder was required to credit it." Reynoso v. Holder, 711 F.3d 199, 207 (1st Cir. 2013). Accordingly, the USCIS decision in this case was not arbitrary or capricious and did not violate the Administrative Procedure Act.

9

## **ORDER**

For the foregoing reasons, the Court **ALLOWS** the Defendants' motion for summary judgment (Docket No. 20) and **DENIES** the Plaintiff's motion for summary judgement (Docket No. 22).

SO ORDERED.

/s/ PATTI B. SARIS
Patti B. Saris
United States District Judge